UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEAN HILAIRE,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. DAVID MANGUAL,
Shield Number 24697 and P.O. JOHN DOE (Full
Name and Shield Number presently unknown),

                    Defendants.

**CV 13 - 1194**

**COMPLAINT**

**JURY TRIAL
DEMANDED**

MATSUMOTO, J.

POLLAK, M.J

Plaintiff, JEAN HILAIRE, by his attorneys, Law Offices of Philip J. Sporn, as and for his complaining of the defendants, hereby alleges the following:

## PRELIMINARY STATEMENT

1.    Plaintiff JEAN HILAIRE brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3.    Plaintiff JEAN HILAIRE further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive

from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

4.     Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiff JEAN HILAIRE resides in this district.

## JURY DEMAND

5.     Plaintiff JEAN HILAIRE respectfully demands a trial by jury of all issues in this matter pursuant to Fed.R.Civ.P. 38(b).

## THE PARTIES

6.     Plaintiff, JEAN HILAIRE ("Mr. Hilaire"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Kings and State of New York.

7.     Defendant, City of New York ("City"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, New York City Police Department ("NYPD"), is a charter agency of the City authorized to perform law enforcement functions in and for the City. Defendant City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     Defendant, Police Officer DAVID MANGUAL, Shield Number 24697 ("P.O. Mangual"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in

furtherance of the interests and business of said employer and was acting under the supervision of said department and according to their official duties.

10.     Defendant, Police Officer JOHN DOE (Full Name and Shield Number presently unknown) ("P.O. Doe"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

11.     Defendants, P.O. Mangual, et ano., refers to known and unknown named police officers who were at all relevant times hereto employees of defendant NYPD and were acting under the supervision of said department and according to their official duties.

12.     That at all times relevant herein, P.O. Mangual was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

13.     That at all times relevant herein, P.O. Doe was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

14.     That at all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of New York.

15.     That at all times relevant herein, the City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

16.     That at all times relevant herein, P.O. Mangual and P.O. Doe were each employees of The City and NYPD and that The City and NYPD are responsible for the actions and conduct of the individual defendants under the theory of *respondeat superior*.

17.     That at all times relevant herein, P.O. Mangual and P.O. Doe were personnel of The City and NYPD.

18.     That at all times hereinafter mentioned and upon information and belief, The City and NYPD employed and supervised P.O. Mangual and P.O. Doe.

19.     Upon information and belief, P.O. Mangual and P.O. Doe were graduates of the Police Academy of The City of New York, where they received training and instruction set forth and sanctioned by The City and NYPD.  Further, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks.  Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein.  In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

20.     At all times relevant hereto, The City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, P.O. Mangual and P.O. Doe, to conform their conduct to a standard for the protection of individuals, such as plaintiff,

against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

21.     At all times relevant hereto, The City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels, P.O Mangual and P.O. Doe, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

22.     At all times hereinafter mentioned, upon information and belief, P.O. Mangual and P.O. Doe were acting in their capacities as employees, agents or servants of The City.

23.     At all times hereinafter mentioned, P.O. Mangual and P.O. Doe were acting under color of law.

24.     At all times hereinafter mentioned, the defendants' acts constituted state action.

25.     That at all times hereinafter mentioned, P.O. Mangual and P.O. Doe were on duty and/or acting as employees, agents or servants of The City and were also present at the same time and in the same place as plaintiff as aforesaid.

## STATEMENT OF FACTS

26.     That or about March 26, 2010, Mr. Hilaire was a lawful citizen abiding by all laws, statutes and ordinances of the State of New York and the United State of America.

27.     That on or about March 26, 2010, Church Avenue at and about its intersection with New York Avenue in the County of Kings and State of New York was and remains a public roadway ("roadway").

28.     On or about March 26, 2010, Mr. Hilaire was lawfully operating a Lincoln Crown Victoria on the roadway at the time and place as stated herein.

29.     On that date and place, a marked NYPD vehicle ("cruiser") containing P.O. Mangual and P.O. Doe, was traveling on the roadway and illegally crossed the intersection on Church Avenue

in spite of a red light, made an illegal U-turn on Church Avenue, and pulled up behind Mr. Hilaire's vehicle.

30.     That at the time, P.O. Mangual and P.O. Doe ordered Mr. Hilaire to pull over his vehicle without cause, basis or justification.

31.     Mr. Hilaire complied with the officers' request and pulled over.

32.     That on or about March 26, 2010, P.O. Mangual and P.O. Doe cursed at Mr. Hilaire and insisted on seeing his identification, without any cause, basis or justification.

33.     Mr. Hilaire offered the officers his driver's license and vehicle registration, but they only took his driver's license.

34.     That P.O. Mangual and P.O. Doe falsely and fraudulently alleged that Mr. Hilaire had an outstanding arrest warrant dating from 1993 ("false warrant").

35.     That at all times herein, there was no outstanding arrest warrant for Mr. Hilaire.

36.     That at all times herein, P.O. Mangual and P.O. Doe knew, or reasonably should have known, that there was no warrant for Mr. Hilaire's arrest.

37.     That at all times herein, any minimal investigation at the scene reasonably would have, and should have, revealed that there was no warrant for Mr. Hilaire's arrest.

38.     That the false warrant was patently impossible because Mr. Hilaire was never present in any manner in the United States of America until 1996.

39.     That on or about March 26, 2010, P.O. Mangual and P.O. Doe unlawfully strip searched Mr. Hilaire in public, without any cause, basis or justification. Moreover, Plaintiff was strip-searched despite the fact that there were people present and in full view of strangers, causing embarrassment and humiliation.  Incidentally, defendants knew that plaintiff was not in possession of

any contraband that was a clear and present danger to the individually named defendants or the public at-large. Said strip-search was a clear violation of the NYPD Patrol Guide.

40.     That at all times relevant herein, P.O. Mangual and P.O. Doe handcuffed Mr. Hilaire unnecessarily and unreasonably tight and painfully restrained his arms behind his back thereby causing injury. Defendants repeatedly assaulted plaintiff after said handcuffs were applied and plaintiff was restrained.

41.     That the arresting officer(s) knowingly, intentionally, recklessly or negligently placed Mr. Hilaire in excessively tight hand-cuffs, causing his pain and suffering and emotional distress.

42.     That at all times relevant herein, P.O. Mangual and P.O. Doe refused Mr. Hilaire's repeated requests and complaints to loosen the handcuffs.

43.     That at all times relevant herein, P.O. Mangual and P.O. Doe, their agents, servants and/or employees threatened Mr. Hilaire repeatedly and cursed at him.

44.     That at all times relevant herein, P.O. Mangual and P.O. Doe, their agents, servants and/or employees, for no reason at all, assaulted Mr. Hilaire and battered him about his head, torso and body.

45.     That at all times relevant herein, P.O. Mangual and P.O. Doe, their agents, servants and/or employees unlawfully struck Mr. Hilaire with closed fist, feet and foreign objects.

46.     That on or about March 26, 2010, P.O. Mangual and P.O. Doe unlawfully threw Mr. Hilaire into the NYPD vehicle, without any cause, basis or justification.

47.     Mr. Hilaire did not resist or obstruct his arrest in any way.

48.     That on or about March 26, 2010, P.O. Mangual and P.O. Doe towed Mr. Hilaire's vehicle to the 67th Precinct, without any cause, basis or justification.

49.    That on or about March 26, 2010, P.O. Mangual and P.O. Doe transported Mr. Hilaire to the 67th Precinct, without his consent and without any cause, basis or justification.

50.    That on or about March 26, Mr. Hilaire remained falsely and unlawfully imprisoned at the 67th Precinct, without any cause, basis or justification.

51.    That at all times relevant herein, Mr. Hilaire was taken from the 67th Precinct to Central Booking where he remained falsely and unlawfully imprisoned for more than approximately twenty four (24) hours, without any cause, basis or justification where he was forced to defend himself and answer for the aforementioned unjust and baseless criminal charges, which were the subject of the malicious prosecution that was initiated by the defendants.

52.    That at all times relevant herein, as a result of the false arrest, Mr. Hilaire was falsely and improperly imprisoned for approximately thirty two (32) hours and was forced to defend himself against criminal charges that were baseless and maliciously initiated.

53.    That the arrest of Mr. Hilaire by the individual defendants was perpetrated without a warrant or other legal process and without probable cause.

54.    That on or about March 26, 2010, P.O. Mangual and P.O. Doe made false representations, accusations, allegations and complaints concerning Mr. Hilaire to agents, servants and/or employees of NYPD and The City and the Kings County District Attorney's Office acted on the representations of the defendants herein and initiated criminal proceedings against the plaintiff herein. Furthermore, the defendants knew that the District Attorney's Office would rely upon their representations and the defendants knew that the District Attorney's Office would file criminal charges and prosecute the plaintiff based upon their representations and the allegations and facts that these named individual defendants communicated to the District Attorney's Office.

55.     Additionally, the individual defendants knew that the allegations that they communicated to the District Attorney's Office were false, exaggerated, inaccurate and untrue but they communicated said allegations nonetheless, knowing that plaintiff would be subjected to a criminal prosecution and knowing that the plaintiff's freedom and liberty would be jeopardized and, if convicted upon the false charges, plaintiff would be incarcerated, thereby losing his freedom and liberty. As will be discussed *infra,* the individually named defendants, state actors, were acting pursuant to a policy, custom and practice, which was formulated, designed and implemented by the defendant City and NYPD, and which policy, custom and practice required the individually named defendants to make a certain, predetermined number and amount of arrests each week, month and year, irrespective of the conditions or lack of criminal conduct that existed in their precinct or sector during their shifts or tours.

56.     That these policies, customs and practices also encouraged, taught, instructed and/or required police officers to make arrests, stops, detentions and to target members of the public based on their appearance, race, ethnicity and irrespective of their conduct, lawful or otherwise, thereby violating the rights of the public, including the plaintiff herein.

57.     These policies, customs and practices were designed and formulated by the defendants City and NYPD and implemented and effectuated by its officers, by their very nature violated the rights of the public, and violated the rights of the plaintiff herein.

58.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. Mangual and P.O. Doe, knew or reasonably should have known that Mr. Hilaire was innocent of all allegations against him.

59.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. Mangual and P.O. Doe, actually knew or reasonably should have known that the allegations against Mr. Hilaire were fabricated and fraudulent.

60.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, including, but not limited to, P.O. Mangual and P.O. Doe, conspired to fraudulently and maliciously accuse Mr. Hilaire of crimes of which he was innocent ("the malfeasance").

61.     That further to the malfeasance, P.O. Mangual and P.O. Doe initially arrested Mr. Hilaire for the false warrant; however, when he appeared in Central Booking before a judge on March 27, 2010, defendants did not substantiate the false warrant, but rather issued Mr. Hilaire a Summons and charged him solely, and also falsely, with AC 19-507A4 for allegedly picking up a hail on the street on March 26, 2010 under Kings County Criminal Court Docket Number 2010KN023480 ("false charges").

62.     That defendants knew, and/or reasonably should have known, that there was no basis whatsoever to charge Mr. Hilaire under the false charges because, at all times herein, he was the sole occupant of his own motor vehicle which was not picking up a street hail, but rather stopped in traffic, while in a moving lane of traffic at the aforementioned roadway while waiting for a red traffic light to turn green.

63.     Moreover, the complete and utter lack of merit and baseless nature of any conceivable criminal investigation and/or criminal prosecution of Mr. Hilaire was readily apparent and patently obvious to all defendants but yet said criminal investigation and/or criminal prosecution of Mr. Hilaire continued unabated, causing serious injury to Mr. Hilaire and infringing, violating and rupturing his civil rights.

64. That defendants' their agents, servants, and/or employees unlawfully and falsely arrested and imprisoned Mr. Hilaire in furtherance to the malfeasance.

65. That at all times relevant herein, P.O. Mangual and P.O. Doe used excessive force and physical force upon Mr. Hilaire causing him to sustain severe and permanent injuries, despite the fact that plaintiff did not pose a threat to the physical safety of either officer, or to the public at large, or to any third party. Furthermore, the defendants used excessive force against the plaintiff despite the plaintiff's submissive and non-threatening conduct which was duly deferential and respectful of the defendants' apparent authority as law enforcement officers and/or state actors engaged in a law enforcement capacity.

66. That at all times relevant herein, during the unlawful apprehension, detention, arrest, imprisonment, assault and battery of Mr. Hilaire, the NYPD police officers used excessive, unnecessary and unwarranted force upon Mr. Hilaire, without his consent and without justification or legal basis.

67. That at all times relevant herein, Mr. Hilaire suffered extreme, disabling and protracted pain to his head, neck, back and limbs as a result of the excessive force.

68. That at all times relevant herein, notwithstanding that the apprehension, arrest, detention and imprisonment was unjust, unwarranted, without cause, with excessive force and unlawful, Mr. Hilaire complied with the officers' commands and did not resist.

69. That at all times relevant herein, defendants, their agents, servants and/or employees, while acting in concert, maliciously and with the intent to injure Mr. Hilaire, and without just cause or any right to do so, handcuffed, detained, jailed and restrained Mr. Hilaire against his will, thereby depriving him of his liberty.

70.     That the criminal charges filed against Mr. Hilaire were falsely and maliciously fabricated by defendants, their agents, servants and/or employees based on false and incomplete information provided by defendants, their agents, servants and/or employees, in violation of Mr. Hilaire's civil rights and in furtherance of the malfeasance.

71.     That at all times relevant herein, P.O Mangual and P.O. Doe, with disregard for proper, lawful, appropriate, correct and effective investigative behaviors and procedures, investigated, stopped, detained, accused, arrested and charged Mr. Hilaire when it was not right, just, lawful, proper or necessary to do so.

72.     That at all times relevant herein, defendants, their agents, servants and/or employees had no cause or basis to stop, question or search Mr. Hilaire.

73.     That at all times relevant herein, P.O. Mangual and P.O. Doe falsely stopped Mr. Hilaire for no reason and without probable cause to do so, then assaulted Mr. Hilaire and battered him as described above.

74.     That at all times relevant herein, P.O. Mangual and P.O. Doe placed Mr. Hilaire under arrest for crimes that he did not commit.

75.     That at all times relevant herein, Mr. Hilaire was innocent of the false charges made against him further to the malfeasance.

76.     That at all times relevant herein, defendants, their agents, servants and/or employees acted maliciously and intentionally.

77.     That at all times relevant herein, the arrest, assault, battery and detention of Mr. Hilaire were unlawful, unwarranted and unjustified.

78.     That at all times relevant herein, defendants, their agents, servants and/or employees knew or should have known that Mr. Hilaire was innocent of the crime charged.

79.     That at all times herein mentioned, and without proof that Mr. Hilaire was in any way connected to a crime, or that any crime was, in fact, committed, and without reasonable suspicion to stop Mr. Hilaire, and without probable cause to detain or arrest Mr. Hilaire, defendants, their agents, servants and/or employees individually, and acting in concert, knowingly, unlawfully, wrongfully and in furtherance of the malfeasance fabricated the false charges against Mr. Hilaire and set these charges forth in false and fabricated criminal complaints, falsely sworn by the defendant police officers.

80.     The criminal complaint and reports against plaintiff were and are false and fraudulent.

81.     Based upon the false criminal complaint and complaint reports prepared, upon information and belief, by the defendant employees, the Criminal Court arraigned Mr. Hilaire on the false charges.

82.     That at all times herein, defendants, their agents, servants and/or employees, all of whom were acting in the performance of their employment, within the scope of their authority and in furtherance of policies and practices implemented by The City and NYPD.

83.     That at all times herein, said policies and practices included the implementation of a quota system with respect to the quantity of arrests expected and/or required of its police officers, including the aforesaid police officers.

84.     That at all times herein, said policy and practice violated the civil rights of the public, including Mr. Hilaire herein.

85.     That at all times herein, defendants, their agents, servants and/or employees who participated in the arrest and investigation, imprisonment and prosecution of Mr. Hilaire were following a custom and practice of retribution and retaliation taken on behalf of P.O Mangual and P.O. Doe against Mr. Hilaire.

86.     That at all times herein, P.O Mangual and P.O. Doe caused the unlawful investigation of Mr. Hilaire and the false arrest, unlawful imprisonment and malicious prosecution.

87.     That at all times herein, defendants, their agents, servants and/or employees have an unlawful policy and practice that utilizes racial profiling when conducting investigations and performing its duties.

88.     That Mr. Hilaire was released from Central Booking after seeing the judge

89.     That Mr. Hilaire was required to repeatedly appear in court to defend himself from the false charges.

90.     That the false charges against Mr. Hilaire were dismissed on September 24, 2010.

91.     Mr. Hilaire has suffered and continues to suffer psychological and emotional injuries and damage as a result of the events described herein.

92.     By reason of the foregoing acts of the defendants, and as a direct and proximate result of the acts of the defendants, Mr. Hilaire suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

93.     By reason of the foregoing acts of the defendants, Mr. Hilaire was caused severe and intense emotional and psychological anguish, distress and embarrassment and will continue to suffer same in the future.

94.     By reason of the foregoing, Mr. Hilaire was compelled to and did necessarily, require medical attention and did necessarily pay and become liable therefore, and will necessarily continue to incur similar expenses in the future.

95.     By reason of the foregoing, Mr. Hilaire was compelled to, and did necessarily incur legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar legal fees in the future.

## PROCEDURAL PREREQUISITES

96.     On or about December 22, 2010, Mr. Hilaire filed a Notice of Claim against the defendants pursuant to General Municipal Law §50e.

97.     The aforesaid Notice of Claim was duly served upon the defendants within ninety (90) days after the causes of action of plaintiff accrued.

98.     More than thirty (30) days have elapsed since the service of the Notice of Claim upon the defendants.

99.     The defendants and the comptroller have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein.

100.    This action has been commenced within three (3) years after the cause of action of plaintiff accrued.

101.    Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

## FIRST CAUSE OF ACTION
### FALSE ARREST

102.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 101, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

103.    Defendants had no probable cause to believe that plaintiff had committed a crime and plaintiff did not engage in any conduct that warranted his arrest.

104.    As a result of the aforesaid conduct by defendants, Mr. Hilaire was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without probable cause, privilege or consent.

105.   By reason of their aforesaid conduct, defendants falsely arrested the plaintiff and thereby violated his rights under New York state law and under the Fourth and Fourteenth Amendments to the United States Constitution.

106.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Hilaire suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION
UNLAWFUL IMPRISONMENT

107.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 106, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

108.   By reason of defendants' aforesaid conduct, plaintiff was detained without his consent and defendants knew he was detained against his consent.

109.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Hilaire suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and

great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION
AGAINST INDIVIDUAL DEFENDANTS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

110.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 109, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

111.    The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of his civil, constitutional and statutory rights and have conspired to deprive the plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983, §1985 and §1985.

112.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY OF NEW YORK
AND NEW YORK CITY POLICE DEPARTMENT
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

113.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 112, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

114.    Defendants The City and NYPD knew or should have known of its employees, agents and/or servants propensity to engage in the illegal and wrongful acts detailed above.

115.    Prior to the dates of occurrence as set forth herein, The City and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of the plaintiff's rights.

116.    At all relevant times herein, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks. Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein. In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

117.    Prior to and including the dates of occurrences as set forth herein, upon information and belief, The City and NYPD developed and maintained policies and/or customs contributing to

the causation of the subject incidents and the plaintiff's injuries, such as racial profiling and the use and enforcement of a quota system with respect to stops, frisks, searches, police encounters, investigations and arrests.

118.    Upon information and belief, it was the policy and/or custom of The City and NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by The City and NYPD, including, but not limited to the incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

119.    It was the policy and/or custom of The City and NYPD to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City and NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

120.    As a result of the above described policies and/or customs, police officers of NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

121.    The above policies and/or customs demonstrated a deliberate indifference on the part of the policymakers of The City and NYPD to the constitutional rights of persons within the City of New York and were the cause of the violations of the plaintiff's rights alleged herein.

122.   As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION

UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

123.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 122, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

124.   By their conduct, defendants under color of law deprived Mr. Hilaire of his constitutional rights to be free from excessive and unreasonable force.

125.   Plaintiff claims compensatory and punitive damages for the injuries set forth above and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION

ASSAULT AND BATTERY

126.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 125, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

127.    By reason of defendants' aforesaid acts, specifically in the course of their false arrest and imprisonment of the plaintiff, defendants committed the torts of assault and battery upon him.

128.    That at all relevant times herein, defendants, their agents, servants and/or employees were under a duty to protect Mr. Hilaire from the violation of his civil rights, menacing, assault, battery, excessive force, brutality, and/or other intentional acts, negligence, recklessness and/or want of care in his unlawful detention and/or arrest by the NYPD police officers committing said acts.

129.    That at all relevant times herein, defendants, their agents, servants and/or employees menaced, assaulted, battered, and used excessive force, maliciousness and brutality in the arrest, detention and custody of Mr. Hilaire.

130.    That at all relevant times herein, defendants, their agents, servants and/or employees caused Mr. Hilaire to reasonably apprehend that he was about to be harmfully and offensively contacted in his arrest and detention.

131.    That at all relevant times herein, defendants, their agents, servants and/or employees offensively contacted and harmed Mr. Hilaire during his arrest and detention.

132.    That at all relevant times herein, defendants, their agents, servants and/or employees acted in an unsafe and unreasonable manner in the arrest, detention and custody of Mr. Hilaire under the circumstances and conditions then and there existing.

133.    That at all relevant times herein, defendants, their agents, servants and/or employees were negligent, reckless and intentional in their failure to protect Mr. Hilaire from the violation of his civil rights, menacing, assault, battery, excessive force and brutality in his arrest and/or detention.

134.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated,

severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

135.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Hilaire suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

136.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 135, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

137.    By their foregoing acts, specifically their false arrest and unlawful imprisonment of him, their assault and battery upon him, defendants intended to and did cause the foregoing harm to plaintiff.

138.    That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

139.    That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in being verbally abusive, intimidating and threatening to him.

140.    That at all times relevant herein, defendants, their agents, servants and/or employees acted heinously and beyond the standards of civilized decency.

141.    That at all times relevant herein, defendants, their agents, servants and/or employees' conduct was utterly intolerable in a civilized society.

142.    That at all times relevant herein, defendants, their agents, servants and/or employees committed these acts in public.

143.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Hilaire suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

144.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 143, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

145.    That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to refrain from abusing their power and position and from

fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

146.    That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that the malfeasance could lead to plaintiff's harm.

147.    That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to conduct themselves properly as public officials and not to abuse their power and position in the manner as set forth above.

148.    That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff by abusing their power and position as set forth above.

149.    That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to treat plaintiff with courtesy, professionalism and respect.

150.    That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that failing and/or refusing to treat plaintiff with courtesy, professionalism and respect could lead to his harm under the circumstances then and there existing.

151.    That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to treat him with courtesy, professionalism and respect.

152.    That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff in being verbally abusive, intimidating and threatening to him and his family.

153.    That solely as a result of the negligence of defendants as aforesaid, Mr. Hilaire suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had his civil rights violated, lost

earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINTH CAUSE OF ACTION
### FAILURE TO INTERVENE

154.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 153, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

155.   Each and every individual defendant had an affirmative duty to intervene on Mr. Hilaire's behalf to prevent the violation of his constitutional rights.

156.   The individual defendants failed to intervene on Mr. Hilaire's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

157.   As a result of the aforementioned conduct of the individual defendants, Mr. Hilaire's constitutional rights were violated and he was subjected to excessive force, causing him to suffer injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had his civil rights violated, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction..

## TENTH CAUSE OF ACTION

MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

158.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 157, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

159.    Defendants abused the legal process to place Mr. Hilaire under arrest.

160.    Defendants arrested Mr. Hilaire in order to obtain a collateral objective outside the legitimate ends of the legal process.

161.    Defendants acted with intent to do harm to Mr. Hilaire without excuse or justification.

162.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Hilaire suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION

DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE
TO PROTECT WHILE IN CUSTODY
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

163.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 162, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

164. By their conduct and under color of law, defendants deprived Mr. Hilaire of his constitutional rights to immediate medical treatment and failed to protect him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

165. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION
### NEGLIGENT HIRING AND RETENTION

166. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 165, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

167. Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Mr. Hilaire.

168. Defendants knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Verified Complaint.

169. That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Hilaire suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent

personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## THIRTEENTH CAUSE OF ACTION
### NEGLIGENT TRAINING AND SUPERVISION

170.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 169, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

171.    Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Mr. Hilaire.

172.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Mr. Hilaire suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of his state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## FOURTEENTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
173.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 172, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

174.    As a result of the foregoing malicious prosecution, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTEENTH CAUSE OF ACTION
### NEGLIGENCE

175.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 174, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

176.    That defendants were negligent in the false arrests, unlawful imprisonments and malicious prosecution of Mr. Hilaire; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of Mr. Hilaire contributing thereto; and defendants were negligent in hiring and retaining a persons who were unfit to serve as police officers and who they knew or should have known had dangerous propensities and lack of proper temperament, in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for defendants; and defendants were negligent in its instructions of its police officers b not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of defendants and in training and instructions, among other things of the

proper conduct of police officers in making an arrest and what they should do following an arrest of an individual.

177.    That defendants are liable for the conduct of their agents, servants and/or employees by virtue of *respondeat superior.*

178.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had his civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTEENTH CAUSE OF ACTION
PUNITIVE DAMAGES

179.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 178, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

180.    Due to the above, Mr. Hilaire should be awarded punitive damages as against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff, JEAN HILAIRE, demands judgment against the defendants stated herein under the first cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the second cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the third cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the fourth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the fifth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the sixth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the seventh cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the eighth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the ninth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the tenth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the eleventh cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the twelfth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the thirteenth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the fourteenth cause of action in an amount exceeding the

jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the fifteenth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, and under the sixteenth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
     March 6, 2013

LAW OFFICES OF PHILIP J. SPORN

By:     _____

Philip J. Sporn, Esq.
Attorneys for Plaintiff
52 Lincoln Road
Brooklyn, New York 11225
(718) 282-4166

## VERIFICATION

STATE OF NEW YORK}

               ss:

COUNTY OF KINGS}

    JEAN HILAIRE, being duly sworn deposes and states as follows:

    I have read the foregoing Complaint and know the contents thereof.  The same is true to my knowledge, except as to those matters therein, which are alleged upon information and belief. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: records, reports, and correspondence.  I affirm that the foregoing statements are true, under the penalties of perjury.

    In Witness Whereof, JEAN HILAIRE has hereunto set his hand and seal on this 6 day of March, 2013

*Jean Dominique Hilaire*
JEAN HILAIRE

STATE OF NEW YORK) COUNTY OF KINGS) ss.:

    On March 6, 2013, before me personally came JEAN HILAIRE, to me known, and known to me to be the individual described in, and who executed the foregoing authorization, and duly acknowledged to me that he executed the same.

PHILIP J. SPORN
Notary Public, State of New York
No. 02SP5040336
Qualified in New York County
Term Expires September 13, 2015

PHILIP J. SPORN